UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.  4:17-CR-409 AGF |
| | ) |
| HOLLIS WEAVER, | ) |
| | ) |
| Defendant. | ) |

## ORDER OF DETENTION

This matter is before the Court following a hearing on detention of Defendant pending resolution of the Petition for Warrant or Summons for Offender under Supervision [ECF No. 176]. Defendant's probation officer filed the Petition seeking revocation of Defendant's supervised release on the grounds that Defendant violated the following conditions: (1) no possession or use of a controlled substance; (2) no possession of a firearm, ammunition, destructive device or other dangerous weapon; and (3) submission to substance abuse testing. More specifically, Defendant submitted urine samples that were positive for marijuana and failed to report to drug testing. In addition, a search of Defendant's vehicle resulted in the seizure of a firearm with an extended magazine.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), "the [m]agistrate judge may release or detain the person under 18 U.S.C. § 3143 (a)(1) pending further proceedings." In addition, Rule 32.1(a)(6) provides that, "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or the community rests with the person." Accordingly, the Court "shall order" that a defendant "be detained unless the judicial officer finds by clear and convincing evidence that [the defendant] is not likely to flee or pose a danger to the community…." 18 U.S.C. § 3143(a)(1).

The Court held a hearing by video. Defendant appeared along with his counsel. The Government appeared through an assistant United States attorney. A Pretrial Services officer appeared.

At the hearing, the assistant United States attorney recommended detention and proffered the following in support: Following a search of Defendant's vehicle, officers seized a firearm with an extended magazine. The search of Defendant's vehicle was prompted by the homicide of Defendant's girlfriend's nephew.

Defense counsel argued the following in support of release: Defendant has been receiving treatment. He has a job at Pasta House and supports his girlfriend and four children. Defendant has thirty days left on supervised release and is "open" to home detention and electronic monitoring.

The Pretrial Services officer stated at the hearing: Defendant has a substance abuse history as well as a history of absconding from supervision. The Pretrial Services Report provides the following additional information: Pretrial Services was unable to verify Defendant's residence or employment information.

After considering the record before this Court, the Court concludes that Defendant failed to meet his burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hollis Weaver, be detained prior to a Final Supervised Release Revocation Hearing to be set at a later date before the **Honorable Audrey G. Fleissig**.

**IT IS FURTHER ORDERED** that Defendant shall remain in the custody of the U.S. Marshal pending the final revocation hearing in this matter.

**IT IS FURTHER ORDERED** that Defendant be afforded reasonable opportunity for consultation with counsel, and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for purpose of an appearance in connection with a court proceeding.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of November, 2021